# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA, | 1:10-cv-00369-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF ON BE DENIED (Doc.18.) |
| v. | |
| SERGEANT REED, | |
| Defendant. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. BACKGROUND

Daniel Arzaga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 8, 2010. (Doc. 1.) This action now proceeds on the First Amended Complaint filed on March 31, 2011, against defendant Sergeant Reed, for retaliation in violation of the First Amendment, and adverse conditions of confinement in violation of the Eighth Amendment. (Doc. 11.) On August 12, 2011, Plaintiff filed a motion for preliminary injunctive relief, which is now before the Court. (Doc. 18.)

## II. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order transferring him from Kern Valley State Prison ("KVSP") to another correctional facility, to stop repercussions against Plaintiff by prison officials at KVSP. This action only proceeds against Sergeant Reed, an employee at CCI. "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because the prison officials at KVSP are not defendants in this action, the Court does not have jurisdiction to issue an order meant to stop them from acting against Plaintiff.

Further, the order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. This action is proceeding against defendant Sergeant Reed based on events occurring in 2007. Plaintiff now requests a court order protecting him from present and future actions by prison officials. Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III. RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed on August 12, 2011, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 2, 2012                    /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE