# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL ARZAGA,                                   1:10-cv-00369-AWI-GSA-PC

      Plaintiff,                                   ORDER DENYING PLAINTIFF'S MOTION
                                                 FOR RECONSIDERATION
      vs.                                         (Doc. 27.)

SERGEANT REED,

      Defendant.
_____/

**I.   BACKGROUND**

    Daniel Arzaga ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 8, 2010. (Doc. 1.) This action now proceeds on the Amended Complaint filed by Plaintiff on March 31, 2011, against defendant Sergeant Reed, for retaliation and unconstitutional conditions of confinement. (Doc. 11.)

    On September 14, 2011, Plaintiff filed a motion for reconsideration of the order denying his ex parte motion for the Court to distribute documents to Plaintiff's witnesses. (Doc. 27.)

**II.   MOTION FOR RECONSIDERATION**

    Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d

1

737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

### III.	CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on September 14, 2011, is DENIED.


IT IS SO ORDERED.

Dated:    **June 7, 2012**             /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE