1

2

3

4

5

6

7

8              # UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL ARZAGA,                          1:10-cv-00369-AWI-GSA-PC

12                          Plaintiff,        FINDINGS AND RECOMMENDATIONS,
                                             RECOMMENDING THAT PLAINTIFF'S
13        v.                                 MOTION   FOR   ORDER   REQUIRING
                                             PRISON   TO   FORWARD   PLAINTIFF'S
14   SERGEANT REED,                          LEGAL MATERIALS TO HIM BE DENIED
                                             (Doc. 49.)
15
                            Defendant.        OBJECTIONS,  IF  ANY,  DUE  WITHIN
16                                           THIRTY DAYS

17   _____/

18   **I.      BACKGROUND**

19          Daniel Arzaga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with

20   this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

21   action on February 8, 2010.  (Doc. 1.)  This case now proceeds on the First Amended Complaint

22   filed on March 31, 2011, against defendant Sergeant Reed ("Defendant"), for retaliation in violation

23   of the First Amendment, and adverse prison conditions in violation of the Eighth Amendment.

24          On August 30, 2012, Plaintiff filed a motion for a court order compelling prison officials to

25   forward his legal materials to him.  (Doc. 49.)  Defendant has not opposed the motion.  The Court

26   treats Plaintiff's motion as a motion for preliminary injunctive relief.

27   ///

28   ///

                                            1

## II.    PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order requiring prison officials to forward his legal materials to him.  The order requested by Plaintiff would not remedy any of the claims upon which this action proceeds.  This action is proceeding against Defendant based on retaliation and conditions of confinement occurring at the California Correctional Institution ("CCI") in 2007 when Plaintiff was incarcerated there.  Plaintiff is now incarcerated at California State Prison-Los Angeles in Lancaster, California, and requests a court order compelling prison officials at CCI to act.  Because such an order would not remedy any of the retaliation or conditions of confinement claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

///

**III.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion requiring officials at CCI to forward his legal materials to him, filed on August 30, 2012, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    October 2, 2012**                            **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE