IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA,<br><br>           Plaintiff,<br><br>     vs.<br><br>SERGEANT REED, et al.,<br><br>           Defendants.<br>_____/ | 1:10-cv-00369-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANT REED'S MOTION FOR LEAVE TO FILE MOTION TO COMPEL<br>(Doc. 54.)<br><br>THIRTY DAY DEADLINE FOR DEFENDANT REED TO FILE <u>ONE ALL-INCLUSIVE MOTION TO COMPEL</u><br><br>ORDER DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL FILED ON MAY 25, 2012<br>(Doc. 42.) |

I.      BACKGROUND

Daniel Arzaga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 8, 2010. (Doc. 1.) This action now proceeds on the Amended Complaint filed by Plaintiff on March 31, 2011, against defendant Sergeant Reed ("Defendant"), for retaliation and unconstitutional conditions of confinement. (Doc. 11.)

On October 12, 2011, the Court issued a Scheduling Order establishing a deadline of June 12, 2012 for completion of discovery, including the filing of motions to compel, and a deadline of

1  August 20, 2012, for the parties to file pretrial dispositive motions. (Doc. 29.) On May 25, 2012,
2  Defendant filed a motion to compel discovery responses, which is pending. (Doc. 42.)

3  On June 6, 2012, Plaintiff filed a request for an extension of time to produce discovery.
4  (Doc. 43.) On June 7, 2012, the Court issued an order granting Plaintiff's request and extending
5  the deadline for the parties to complete discovery, including the filing of motions to compel, to
6  August 27, 2012, and the deadline for the parties to file pretrial dispositive motions to October 29,
7  2012. (Doc. 45.)

8  On August 17, 2012, Plaintiff filed a motion for extension of time to respond to
9  Defendant's interrogatories. (Doc. 47.) On September 6, 2012, the Court granted Plaintiff an
10 extension of time until October 15, 2012. (Doc. 50.)

11 On October 26, 2012, Defendant filed a motion for summary judgment, which is pending.
12 (Doc. 52.)

13 On October 30, 2012, Defendant filed a motion for leave to file a motion to compel.[1] (Doc.
14 54.) Plaintiff has not filed an opposition.

15 Defendant's motion for leave to file a motion to compel is now before the Court.

16 **II.     MOTION FOR LEAVE TO MODIFY SCHEDULING ORDER**

17 Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b),
18 and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975
19 F.2d 604, 609 (9th Cir. 1992). To establish good cause, a party seeking the modification of a
20 scheduling order must generally show that even with the exercise of due diligence, the party cannot
21 meet the requirement of the order. Id. The court may also consider the prejudice to the party
22 opposing the modification. Id. If the party seeking to amend the scheduling order fails to show
23 due diligence, the inquiry should end and the court should not grant the motion to modify.

---

[1] Defendant has fashioned this motion as an ex parte application, which is defined as "a motion made to the court without notice to the adverse party." Black's Law Dictionary 1036 (8th ed. 2004). However, the Court notes that Defendant served a copy of the motion on Plaintiff on October 30, 2012. (Doc. 54-3.) Because Defendant provided Plaintiff, the adverse party, with notice of the motion, the Court shall not treat the motion as an ex parte motion.

Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendant requests leave to file a motion to compel after the August 27, 2012 deadline established by the Court's Scheduling Order. Defendant argues that he was unable to file a timely motion to compel because the Court's deadline to file motions to compel expired before Plaintiff's deadline to respond to Defendant's second set of interrogatories. Defendant asserts that on July 6, 2012, he served Plaintiff with a second set of interrogatories. (Declaration of M. Wrosch ("Wrosch Decl."), Doc. 54-1 ¶9.) Plaintiff did not respond to the interrogatories or meet and confer with defense counsel. (Id. ¶10.) Instead, Plaintiff requested and was granted an extension of time until October 15, 2012, to respond to discovery. (Id. ¶¶10, 11; Docs. 47, 50.) Despite extensions of time, Plaintiff has not responded to any of Defendant's discovery requests, and although the Court granted Plaintiff an extension of time until October 15, 2012, the deadline to file motions to compel was not extended and remained set for August 27, 2012. (Wrosch Decl. ¶¶12, 13; Docs. 45, 50.) Defendant seeks further discovery for impeachment purposes at trial, should the Court deny his pending motion for summary judgment. (Wrosch Decl. ¶14.)

**Discussion**

The Court's Scheduling Order of June 7, 2012, established a deadline of August 27, 2012, for the parties to conduct discovery, including filing motions to compel, and the deadline has not been extended.[2] (Doc. 45.) To date, all of the pretrial deadlines have expired. Defendant has demonstrated that it was impossible for him to file a timely motion to compel by August 27, 2012, due to the Court's deadlines. Thus, Defendant has shown that even with the exercise of due diligence, he could not meet the requirement of the Court's Scheduling Order. Good cause appearing, Defendant's motion for leave to file a motion to compel shall be granted.

---

[2] The Court's order of September 6, 2012, which granted Plaintiff an extension of time to respond to discovery, did not extend any of the Scheduling Order's deadlines. (Doc. 50.)

The Court shall allow Defendant thirty days in which to file <u>one, all-inclusive motion to compel</u>, addressing <u>all</u> of the discovery responses he seeks to compel from Plaintiff in this case. As a result of this order, Defendant's pending motion to compel, filed on May 25, 2012, is now moot and shall be denied as such.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Good cause appearing, Defendant's motion for leave to file a motion to compel, filed on October 30, 2012, is GRANTED;

2. Within thirty days from the date of service of this order, Defendant shall file <u>one, all inclusive motion to compel</u>, addressing <u>all</u> of the discovery responses he seeks to compel from Plaintiff in this case; and

3. Defendant's motion to compel filed on May 25, 2012, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **February 13, 2013**             /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

4