UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SGT. REED,<br><br>　　　　　Defendant. | Case No. 1:10 cv 00369 AWI GSA PC<br><br>ORDER RE DEFENDANT'S MOTION TO COMPEL (ECF No. 60) AND DIRECTING PLAINTIFF TO FILE OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT<br><br>RESPONSE TO ORDER TO SHOW CAUSE DUE IN THIRTY DAYS<br><br>OPPOSITION TO MOTION FOR SUMMARY JUDGMENT DUE IN THIRTY DAYS |

　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the Court is Defendant's motion to compel discovery responses.

///

1

## I. Procedural History

This action proceeds against Defendant Sergeant Reed on Plaintiff's claims of retaliation and unconstitutional conditions of confinement. On October 12, 2011, a scheduling order was entered, setting a deadline for discovery and the filing of dispositive motions. On June 7, 2012, an order was entered, granting Defendant's motion to extend discovery and a date to file a discovery motion. The discovery deadline was extended to August 27, 2012, and the dispositive motion filing deadline was extended to October 29, 2012. On October 26, 2012, Defendant filed a motion for summary judgment. On November 19, 2012, Plaintiff filed a document titled "Opposition for Request of Denial/Order of Grant for Summary Judgment." On February 13, 2013, an order was entered finding good cause to grant Defendant's motion for leave to file a motion to compel. Defendant was directed to file one, all inclusive motion to compel. On March 14, 2013, Defendant filed a motion to compel discovery responses. Plaintiff has not filed opposition to the motion to compel.

## II. Motion to Compel

Defendant seeks an order compelling Plaintiff to respond, without objection, to Defendant's First and Second set of Interrogatories, Requests for Admissions, and Request for Production of Documents. Plaintiff was previously served with these requests, and has failed to respond to them. Defendant supports his motion with the declaration of Mitchell A. Wrosch, an attorney at the law firm of Burke, Williams & Sorensen, LLP.

Mr. Wrosch declares that on January 4, 2012, Defendant served Plaintiff with a first set of Requests for Production of Documents. The first set of Requests for Production were not propounded with the intent to harass Plaintiff, but to acquire needed documents and information , propound further written discovery requests, file a dispositive motion and prepare for trial. On

May 9, 2012, Sgt. Reed's counsel sent to Plaintiff a meet and confer letter, informing him that his discovery responses were several months late. Counsel offered Plaintiff additional time to serve responses. Plaintiff did not respond to the offer. On June 6, 2012, Plaintiff filed a motion for extension of time to respond to the first set of discovery. On June 7, 2012, the Court granted Plaintiff's request. Plaintiff has completely failed to respond to the Request for Production. (Wrosch Decl. ¶¶ 3, 7, 15.)

Plaintiff has not opposed Defendant's request that the Court should deem Defendant's Requests for Admissions admitted. Pursuant to Federal Rule of Civil Procedure 36(a)(3), a matter is admitted "unless, within thirty days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Plaintiff has not filed opposition to the motion to compel, and has not indicated that he has responded to the Requests for Admissions. The Requests are therefore deemed admitted.

Defendant seeks an order compelling Plaintiff to serve responses to Defendant's Interrogatories, Sets One and Two, which were served on Plaintiff on January 4, 2012, and July 6, 2012. (Wrosch Decl., ¶¶3-4, 12.) Plaintiff has failed to file any opposition to the motion, or make any response to the Interrogatories or to Defendant's subsequent meet and confer letter. Plaintiff has clearly failed to comply with the Court's scheduling order of October 12, 2011, which required the parties to respond to written discovery requests within forty-five days after the first request is served. (ECF No. 29, ¶ 2.) Plaintiff has failed to do so. Thus, Plaintiff has waived any objection to Defendant's Interrogatories. <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992)(citing <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981). The moving party bears the burden of demonstrating "actual and substantial

3

prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)(citations omitted).  Defendant establishes that the requested information does not appear in Plaintiff's complaint or in any other documents filed by Plaintiff, and the requested information is relevant to the defendant's defense of this lawsuit.

Defendant's Interrogatories, Sets One and Two, include the following:

**INTERROGATORY NO. 1:**

List all dates that you filed staff complaints against defendant Reed.

**INTERROGATORY NO. 2:**

Do you allege filing a grievance against defendant Reed on September 23, 2007?

**INTERROGATORY NO. 3:**

Why were you extracted from your cell on September 23, 2007?

**INTERROGATORY NO. 4:**

Were you placed on suicide watch on or about September 23, 2007?

**INTERROGATORY NO. 5:**

Were you evaluated by medical staff while housed in the strip cell in September 2007?

**INTERROGATORY NO. 6:**

Identify any and all witnesses to the allegations in your complaint.

**INTERROGATORY NO. 7:**

Identify the amount of damages you are seeking, and describe how you computed the number.

**INTERROGATORY NO. 8:**

In your complaint, you allege defendant Reed retaliated against you for filing an administrative grievance, describe all evidence you have to support that contention.

4

**INTERROGATORY NO. 9:**

Please describe what "Reed's Management Program" is.

**INTERROGATORY NO. 10:**

Identify all witnesses you intend to call at trial.

**INTERROGATORY NO. 11:**

Provide the names of all mental health staff who treated you from September 23, 2007 to September 29, 2007.

**INTERROGATORY NO. 12:**

Did you speak to Defendant Reed between September 23, 2007 and September 29, 2007?

**INTERROGATORY NO. 13:**

Please describe any and all conversations you had with defendant Reed between September 23, 2007 and September 2, 2007.

Because Plaintiff has not filed opposition to the motion and Defendant has provided evidence that Plaintiff failed to make any response to his request, the motion should be granted. Plaintiff shall be required to provide responses, without objection, to Defendant's Interrogatories, Sets One and Two, within thirty days.

Defendant also seeks an award of sanctions for their reasonable expenses, including attorney's fees and costs for bringing their motion to compel. Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the Court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P. 37(d)(1)(A)(I); Henry v. Gill Industries, Inc., 983 F.2d 943, 947. Repeated last-minute cancellations constitute "failure to appear." Id. A party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion, or if other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5). The losing party must have had notice and an opportunity to be heard before a court will award expenses to the prevailing party on a motion to compel. Id.; Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784, fn. 11 (9th Cir. 1983).

Plaintiff has not responded to Defendant's discovery request, the meet and confer letter nor to the motion to compel and for sanctions. By this order, the Court shall grant Defendant's motion to compel. Accordingly, the Court is now prepared to impose sanctions on Plaintiff pursuant to Rule 37(a)(5) for failure to participate in discovery. Defendant has requested $1,520.00 in monetary sanctions, as reimbursement for his reasonable attorney expenses for bringing the motion to compel. Plaintiff shall be afforded an opportunity to be heard before the Court makes a ruling on Defendant's motion for sanctions. Accordingly, Plaintiff is required to show cause in writing within thirty days why he should not be required to pay monetary sanctions to Defendant for his expenses in bringing this motion to compel.

### III. Opposition to Motion for Summary Judgment

On November 19, 2012, Plaintiff filed a document titled as 'Motion for Request or Denial/Order of Grant for Summary Judgment." (ECF No. 57.) Plaintiff states that he is unable

6

to oppose the motion for summary judgment on the ground that he has not completed discovery. Specifically, Plaintiff indicates that he "has filed discovery interrogatories to the defense party of Mr. Reed as of 10-19-12." As noted above, the discovery deadline, including the filing of discovery motions, was August 27, 2012. Any request for discovery by Plaintiff is therefore denied.

To the extent that Plaintiff seeks to continue the summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff has not shown by affidavit or declaration, that, for specified reasons, he cannot present facts essential to justify his opposition. To continue the motion, Plaintiff must submit a declaration establishing the following: facts indicating a likelihood that controverting evidence exists as to a material fact; specific reasons why such evidence was not discovered or obtained earlier in the proceedings (i.e. "good cause'); the steps or procedures by which the opposing party proposes to obtain such evidence within a reasonable time; and an explanation of how those facts will suffice to defeat the pending motion for summary judgment (i.e., to rebut the movant's allegations of no genuine issue of material fact). Tatum v. City and County of San Francisco, 441 F.3d 1090, 1101 (9th Cir. 2006). Plaintiff has not submitted any declarations or offered any evidence that meets the above standard. Any request to continue the motion for summary judgment pursuant to Rule 56(d) should therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel is granted.

2. Defendant's Requests for Admissions are deemed admitted.

3. Plaintiff shall respond, without objection, to Defendant's First and Second Sets of Interrogatories within thirty days of the date of service of this order.

4. Plaintiff shall respond, without objection, to Defendant's Request for Production of documents within thirty days of the date of service of this order.

5. Plaintiff shall show cause, within thirty days of the date of service of this order, why monetary sanctions should not be imposed for his failure to respond to Defendant's discovery requests.

6. Plaintiff's requests for further discovery and to continue the motion for summary judgment are denied.

7. Plaintiff shall file an opposition to the motion for summary judgment within thirty days of the date of service of this order.  Plaintiff's failure to do so will result in a recommendation that this action be dismissed pursuant to Local Rule 110 for Plaintiff's failure to obey a court order.

        IT IS SO ORDERED.

Dated:   **May 29, 2013**                    /s/
**Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE