UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SGT. REED,<br><br>　　　　Defendant. | 1:10-cv-00369-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANT REED'S REQUEST FOR SANCTIONS (Doc. 60.)<br><br>ORDER FOR PLAINTIFF TO PAY DEFENDANT'S COUNSEL $1,140.00 FOR REASONABLE EXPENSES INCURRED IN BRINGING MOTIONS TO COMPEL |

**I.　　BACKGROUND**

　　Daniel Arzaga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 8, 2010.  (Doc. 1.)  This action now proceeds on the Amended Complaint filed by Plaintiff on March 31, 2011, against defendant Sergeant Reed ("Defendant"), for retaliation and unconstitutional conditions of confinement.  (Doc. 11.)

　　On May 25, 2012, Defendant filed a motion to compel Plaintiff to provide discovery responses.  (Doc. 42.)   On October 30, 2012, Defendant filed a motion for leave to file another motion to compel.  (Doc. 54.)  On February 13, 2013, the court granted Defendant's motion, ordered Defendant to file an all-inclusive motion to compel, and denied the pending motion to compel as moot.  (Doc. 59.)  On March 14, 2013, Defendant filed an all-inclusive motion to compel and requested sanctions for reasonable fees incurred in connection with bringing the

motions to compel. (Doc. 60.) On May 29, 2013, the court granted Defendant's all-inclusive motion to compel and ordered Plaintiff to show case, within thirty days, why sanctions should not be imposed. (Doc. 69.) On June 13, 2013, Plaintiff filed a response to the order to show cause. (Doc. 70.)

Defendant's request for sanctions is now before the court.

## II.     DISCOVERY SANCTIONS – RULE 37

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

### A.     Defendants' Request

Defendant requests monetary sanctions for expenses incurred in connection with bringing two motions to compel. Counsel for Defendant declares that he had to prepare two declarations and two motions, which took approximately six hours at a rate of $190.00 per hour, for a total of $1,140.00. (Declaration of Mitchell A. Wrosch, Doc. 60-1 at ¶19.) Counsel also approximates the total time and fees for a reply brief and hearing to be eight hours and $1,520.00. (Id.)

Defendant asserts that on January 4, 2012, he served Plaintiff with the first sets of Interrogatories, Requests for Admissions, and Requests for Production of Documents, requesting documents and information needed to defend Defendant. (Id. at ¶¶3,4 and Exh. A.) The requests were not overly burdensome, and were relevant to this lawsuit. (Id. at ¶4.) On May 9, 2012, Defendant sent Plaintiff a meet and confer letter, offering Plaintiff an additional two weeks to provide and serve responses, but Plaintiff did not respond to the letter. (Id. at ¶7 and Exh. B.) On May 25, 2012, Defendant filed a motion to compel the first sets of discovery

responses from Plaintiff.  (Id. at ¶9.)  On June 7, 2012, the court granted Plaintiff's request for extension of time to conduct discovery.  (Doc. 45.)

On July 6, 2012, Defendant served Plaintiff with a second set of Interrogatories seeking information pertaining to Plaintiff's conditions of confinement claim.  (Id. at ¶12 and Exh. C.) Plaintiff did not respond to the interrogatories, nor did Plaintiff meet and confer with defense counsel.  (Id. at ¶13.)  Instead, Plaintiff requested an extension of time to respond to discovery, which was granted by the court.  (Id. at ¶¶13,14.)  Plaintiff was ordered to respond by October 15, 2012.  (Doc. 50.)

On February 13, 2013, the court denied Defendant's motion to compel filed on May 25, 2012 as moot, and ordered Defendant to file an all-inclusive motion to compel within thirty days.  (Doc. 59.)  As of March 14, 2013, Plaintiff had not responded to any written discovery or met and conferred with defense counsel regarding discovery.  (Id. at ¶16.)  Defendant argues that he has been prejudiced by Plaintiff's unwillingness to respond to discovery, not only by his failure to provide information, but also because of the time that has been spent addressing this issue.  (Id. at ¶18.)

**B.     Plaintiff's Response**

In his response to the court's order to show cause, Plaintiff fails to make any arguments in opposition to Defendant's request for sanctions, nor does he offer any explanation why he was unable to participate in discovery or respond to Defendant's attempts to meet and confer.

**C.     Discussion**

The court finds that Defendant attempted in good faith to obtain Plaintiff's discovery responses without court action before filing two motions to compel, and the court granted Defendant's all-inclusive motion to compel.  Plaintiff has not shown cause why Defendant is not entitled to sanctions for Plaintiff's failure to respond to discovery requests.  Moreover, the court finds no circumstances which make an award of Defendant's expenses unjust.  Therefore, Defendant's request for sanctions shall be granted.

Defendant requests a grand total of $2,660.00 ($1,140.00 + $1,520.00) in expenses, including attorney's fees, in connection with bringing two motions to compel.  Included in

those expenses is an approximated amount of $1,520.00 for a reply brief and hearing. Defendant did not file a reply brief, and no court hearing was necessary. Therefore, Plaintiff shall not be required to pay the $1,520.00 approximated amount for a reply brief and hearing. However, the court finds Defendant's remaining expenses of $1,140.00 for preparation of two motions to compel and declarations in support of the motions to be reasonable. Accordingly, Plaintiff shall be imposed monetary sanctions of $1,140.00 for Defendant's reasonable expenses.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's request for sanctions, filed on March 14, 2013, is GRANTED; and
2. Plaintiff is ordered to pay monetary sanctions to Defendant's counsel in the amount of $1,140.00, representing the reasonable expenses incurred by Defendant in bringing two motions to compel.

IT IS SO ORDERED.

Dated:   **July 9, 2013**                          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE